IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**IN RE: MARGARET B. HALL**                                                              **NO. 20-12866-JDW**

**COMMUNITY BANK OF MISSISSIPPI**                                                        **PLAINTIFF**

VS.                                                                                      ADVERSARY NO. _____

**LOANCARE, LLC, MARGARET B. HALL
AND WILLIAM L. FAVA, TRUSTEE**                                                           **DEFENDANTS**

### COMPLAINT FOR DECLARATORY JUDGMENT, TO DETERMINE EXTENT, VALIDITY AND PRIORITY OF LIENS AND FOR OTHER RELIEF

1. The parties are:

    (a) Community Bank of Mississippi ("Bank");

    (b) Loancare, LLC ("Loancare"), a company which may be served with process pursuant to Bankruptcy Rule 7004 (b)(3) by mailing a copy of the summons and complaint to its registered agent for process, CT Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi;

    (c) Margaret B. Hall ("Debtor"), the Debtor in this bankruptcy proceeding who may be served with process pursuant to Bankruptcy Rule 7004 (b)(9) and (g) by mailing a copy of the summons and complaint to her at 109 Glen Eagle Road, Oxford, Mississippi 38655, which is the address shown on the petition and by mailing a copy of the summons and complaint to her attorney Karen B. Schneller, PO Box 417, Holly Springs, Mississippi 38635; and

    (d) William L. Fava, the Chapter 7 Trustee, who may be served with process pursuant to Bankruptcy Rule 7004 (b)(1) by mailing a copy of the summons and complaint to him at PO Box 783, Southaven, Mississippi 38671.

1

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157. This adversary proceeding relates to the bankruptcy proceeding of Margaret B. Hall, Bankruptcy No. 20-12866-JDW, pending in the U. S. Bankruptcy Court for the Northern District of Mississippi. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K).

3. The Debtor is indebted to the Bank under Promissory Note no. ***6332, a copy of which is attached as Exhibit "A". As of October 5, 2020, the balance due was $312,202.64 plus interest accruing thereafter, attorney fees and expenses. The Note has matured and is in default.

4. As collateral for the indebtedness due, the Debtor pledged to the Bank certain real property and improvements located at 109 Glen Eagle Road, Oxford, Mississippi (the "Property"). According to the Debtor's schedules, the value of the Property is $408,360.00.

5. The Bank's Deed of Trust on the Property was recorded on July 31, 2009 as Instrument no. 200906584 in the land records of Lafayette County, Mississippi, a copy of which is attached as Exhibit "B". The Deed of Trust was modified pursuant to a Modification of Deed of Trust recorded on September 3, 2019 as Instrument no. 201907187, in the land records of Lafayette County, Mississippi, a copy of which is attached as Exhibit "C".

6. Loancare is the holder, owner and servicer of a Deed of Trust on the Property recorded on August 21, 2009 as Instrument no. 200907236 in the land records of Lafayette County, Mississippi, a copy of which is attached as Exhibit "D". According to the Debtor's schedules, the balance due to Loancare is $323,092.97.

7. The Bank's Deed of Trust on the Property is prior in time to Loancare's Deed of Trust on the Property.

8. Pursuant to Miss. Code Ann. §89-5-1, "the priority of time of filing shall determine the priority of all conveyances of the same land as between the several holders of such conveyance."

9. The Bank's Deed of Trust on the Property is prior and superior to Loancare's Deed of Trust on the Property. The Bank's lien on the Property is superior to Loancare's lien on the Property.

WHEREFORE, PREMISES CONSIDERED, Community Bank of Mississippi requests that this Court grant it the following relief:

1. A Judgment declaring that the Bank's Deed of Trust on the Property is prior and superior to Loancare's Deed of Trust on the Property;

2. A Judgment declaring that the Bank's lien on the Property is superior to Loancare's lien on the Property;

3. A Judgment terminating the automatic stay of 11 U.S.C. § 362 to allow the Bank to proceed with its state law remedies against the Property; and

4. General relief.

DATED: October 5, 2020.

**COMMUNITY BANK OF MISSISSIPPI**

By: /s/ Jeff Rawlings
    Its Attorney

Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642